UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONG GANG N., <br><br> Petitioner, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Respondents. | No. 1:26-cv-00446-TLN-DMC <br><br> **ORDER** |

This matter is before the Court on an order to show cause why a preliminary injunction should not issue (ECF No. 6) after granting Petitioner Yong Gang N.'s ("Petitioner") underlying Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed a response. (ECF No. 7.) Petitioner replied. (ECF No. 8.) Neither party requested a hearing. (ECF Nos. 7, 8.) For the reasons set forth below, the Court issues a preliminary injunction.

///

///

///

1

I. **FACTUAL BACKGROUND**[1]

Petitioner is a native and citizen of China and an asylum applicant in the United States. (ECF No. 2-1 at 4.) On May 19, 2023, Petitioner entered the United States seeking protection and was initially apprehended by immigration authorities. (ECF No. 1 at 4.) Within a day, the U.S. Department of Homeland Security ("DHS") released Petitioner on his own recognizance under 8 U.S.C. § 1226. (ECF No. 1-2 at 4.) Petitioner then filed an application for asylum and his application is still pending. (ECF No. 2-1 at 4.) Petitioner has fulfilled the conditions of his release. (ECF Nos. 1 at 4; 2-1 at 4.) Nevertheless, on November 4, 2025, Petitioner was detained during a routine U.S. Immigration and Customs Enforcement ("ICE") check-in without any notice or a hearing. (ECF Nos. 1 at 5; 2 at 4.) Respondents further denied Petitioner a post-detention bond hearing. (ECF No. 1 at 5–6.)

Petitioner challenges the lawfulness of his civil detention. (*See* ECF No. 1.) He was detained nearly three months without a hearing on the basis of a DHS policy change. (*Id*.) On January 21, 2026, the Court granted a TRO ordering Petitioner's immediate release. (ECF No. 6.) Now the Court determines whether the relief should continue as a preliminary injunction.

II. **STANDARD OF LAW**

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a

---

[1] Respondents do not dispute these facts. (ECF No. 7.)

2

likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

### III. ANALYSIS

This Court has already found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO. (ECF No. 6.) Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here.

Respondents oppose a preliminary injunction. (ECF No. 7.) Yet, Respondents provide no new facts, argument, or case law to alter the Court's findings as set out in the TRO. Respondents make two conclusory assertions in opposition to a preliminary injunction.

First, Respondents assert that Petitioner, "by his own admission," is an applicant for admission and therefore subject to mandatory detention under 8 U.S.C. § 1225 ("§ 1225"). (ECF No. 7 at 2.) As Petitioner points out, he has never conceded—nor does the record support—that he was "admitted" to the United States or is an "applicant for admission" under § 1225. (ECF No. 8 at 2.) Moreover, this Court has already found that § 1225 does not apply to Petitioner; he is instead subject to 8 U.S.C. § 1226(a). (ECF No. 6 at 3–4.) Respondents also acknowledge that this case is not substantively distinguishable from this Court's prior rulings as to the government's statutory authority. (ECF No. 7 at 2 n.1.) Absent new legal argument, case law, or distinguishable facts, the Court declines to reconsider its position on this issue. Thus, the Court does not alter its analysis and findings from the TRO. (ECF No. 6.)

Second, Respondents argue that ICE has the discretion to revoke an order of release. (ECF No. 7 at 1.) Nevertheless, ICE's exercise of discretionary authority must comport with due process. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always

constrained by the requirements of due process."). In its prior Order, this Court found Petitioner is likely to succeed in his claim that Respondents did not comply with due process in his re-detention. (ECF No. 6.) Again, Respondents do not supply any additional facts or evidence to alter this finding.

### IV. CONCLUSION

Accordingly, to prevent further irreparable harm, the Court issues the following PRELIMINARY INJUNCTION. IT IS HEREBY ORDERED:

1. Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

2. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

3. This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: February 7, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE