UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YONG GANG N.,

Petitioner,

v.

KRISTI NOEM, et. al.,

Respondents.

No. 1:26-cv-00446-TLN-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2. Respondents filed an opposition to injunctive relief, ECF No. 7, and elected to stand on that filing, ECF No. 12.

The District Judge summarized the relevant facts as follows:

> Petitioner is a native and citizen of China and an asylum applicant in the United States. (ECF No. 2-1 at 4.) On May 19, 2023, Petitioner entered the United States seeking protection and was initially apprehended by immigration authorities. (ECF No. 1 at 4.) Within a day, the U.S. Department of Homeland Security ("DHS") released Petitioner on his own recognizance under 8 U.S.C. § 1226. (ECF No. 1-2 at 4.) Petitioner then filed an application for asylum and his application is still pending. (ECF No. 2-1 at 4.) Petitioner has fulfilled the conditions of his release. (ECF Nos. 1 at 4; 2-1 at 4.) Nevertheless, on November 4, 2025, Petitioner was detained during a routine U.S. Immigration and Customs Enforcement ("ICE") check-in without any notice or a hearing. (ECF Nos. 1 at 5; 2 at 4.) Respondents further denied Petitioner a post-detention bond hearing. (ECF No. 1 at 5–6.)

ECF No. 6, pg. 2.

The Court granted Petitioner's motion for temporary restraining order, finding that Petitioner established a likelihood of success on the merits of his due process claim. See ECF No. 6. Specifically, the Court found that Petitioner had a liberty interest in continued release and that Petitioner was entitled to notice and an opportunity to be heard prior to re-detention. See id. at 7. On February 9, 2026, the Court issued a preliminary injunction and ordered Respondents enjoined and restrained from re-arresting or re-detaining Petitioner absent certain constitutional protections. See ECF No. 9. The matter was referred to the undersigned for further proceedings. Respondents informed the Court that they did not wish to file additional briefing. See ECF No. 12.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF Nos. 6 and 9, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE